NOONAN, Circuit Judge,
concurring:
I concur in the holding of the court, and I agree with Judge Bybee’s robust defense of the values protected by the First Amendment.
I write to state that tattooing may be purely expressive, not that it always is. Any text may be expressive but is not invariably so. A laundry list is normally not protected by the First Amendment, but William Carlos Williams made a grocery list into poetry. Context is all. A tattoo punitively affixed is unprotected.
*1069 Accepting the fact that a tattoo may qualify as protected speech, I note that creation of a tattoo may involve danger to the health of its recipient, so that tattooing requires regulation for health different from regulation, say, of a press. Tattooing as a business may also require regulation to assure that it does not attract minors. Finally, while we are bound to protect the First Amendment value at issue, we are not bound to recognize any special aesthetic, literary, or political value in the tattooist’s toil and trade.